NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 26 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEVEN D. HAYNES,<br><br>Petitioner,<br>v.<br><br>FEDERAL DEPOSIT INSURANCE<br>CORPORATION,<br><br>Respondent. | No. 14-72487<br><br>FDIC-11-3070e; 11-371k<br><br>MEMORANDUM* |

Petition to Review a Decision of
the Board of Directors of the Federal Deposit Insurance Corporation

Argued and Submitted August 8, 2016
San Francisco, California

Before: WALLACE and GRABER, Circuit Judges, and LYNN,** Chief District
Judge.

Petitioner Steven D. Haynes seeks review of a prohibition order and penalty

imposed by the Board of Directors of the Federal Deposit Insurance Corporation

("the Board"). 12 U.S.C. § 1818(h)(2); 5 U.S.C. § 701–706. Upon the

recommendation of an administrative law judge ("ALJ"), the Board, pursuant to

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Barbara M. G. Lynn, Chief United States District Judge for
the Northern District of Texas, sitting by designation.

12 U.S.C. § 1818(e), prohibited Haynes from participating in the affairs of any insured depository institution and, pursuant to 12 U.S.C. § 1818(i)(2), imposed a civil monetary penalty of $75,000. We deny the petition.

The Board's prohibition order is supported by substantial evidence. See De La Fuente v. FDIC, 332 F.3d 1208, 1220, 1222 (9th Cir. 2003). The Board may prohibit an officer from banking if the officer participated in: (1) misconduct; (2) that had an impermissible effect; and (3) that was accompanied by a culpable state of mind. 12 U.S.C. § 1818(e)(1).

Haynes' actions constituted misconduct for two reasons, either of which would support the Board's order. See De La Fuente, 332 F.3d at 1225. First, Haynes engaged in an unsafe or unsound banking practice by disregarding the borrower's ability to repay. As the Board found, Haynes disregarded borrowers' ability to repay by approving inherently risky loans—loans to fund the construction of single-family homes—without verifying borrowers' income or assets or verifying that an alternate repayment source was meaningful and supported by available assets.

2

Second, substantial evidence supports the Board's finding that Haynes breached his fiduciary duties to his employer, Silver State Bank of Henderson, Nevada ("the Bank"). Bank policy required Haynes to disclose, on a written form, whether he deviated from Bank policy. Haynes deviated from Bank policy by failing to verify borrowers' ability to repay and by not obtaining a meaningful alternate repayment source before approving construction loans for single-family homes. Yet Haynes did not disclose any exception on the Bank's required form. Although Haynes claims that he disclosed to senior Bank officers that he had not verified borrowers' income or assets, the ALJ and the Board found this claim not to be credible. It is not our role to reweigh the evidence or disregard such credibility determinations. See De La Fuente, 332 F.3d at 1221 ("As the trier of fact, the ALJ was in a superior position to evaluate any conflicting testimony and assess [the petitioner's] arguments.").

Substantial evidence also supports the Board's finding that Haynes' conduct had an impermissible effect on the Bank's financial soundness. 12 U.S.C. § 1818(e)(1)(B); De La Fuente, 332 F.3d at 1223. Haynes received commissions on the loans at issue, and thus received a financial benefit. Additionally, eighteen

3

of the loans defaulted, causing the Bank millions of dollars in losses. It was reasonably foreseeable that Haynes' failure to verify borrowers' ability to repay increased the Bank's risk.

There is also substantial evidence that Haynes acted culpably. 12 U.S.C. § 1818(e)(1)(C). The Board found that his conduct demonstrated willful and continuing disregard. "Willful disregard" means "deliberate conduct which exposed the bank to abnormal risk of loss or harm contrary to prudent banking practices," and "[a] continuing disregard" means "conduct which has been voluntarily engaged in over a period of time with heedless indifference to the prospective consequences." De La Fuente, 332 F.3d at 1223–24 (internal quotation marks omitted); see also Kim v. Office of Thrift Supervision, 40 F.3d 1050, 1054 (9th Cir. 1994).

Applying the standard set forth in De La Fuente, the Board found that Haynes acted deliberately, in a way that was contrary to prudent banking practices and posed an abnormal risk of loss to the Bank, which satisfies the standard for willful disregard, and that Haynes' conduct was continuing, as he approved the loans over approximately nine months. Evidence that Haynes, an experienced

4

banker, with responsibility under Bank policies for verifying borrowers' abilities to repay, deliberately approved risky loans over approximately nine months, without verifying borrowers' income or assets, and without confirming that alternate payment commitments were meaningful, is sufficient to support the Board's finding that Haynes acted culpably. De La Fuente, 332 F.3d at 1223–24 (finding willful or continuing disregard from a petitioner's "deliberate actions, over a period of nine months," substituting inferior collateral in a way that benefitted the petitioner, while placing a bank's assets in danger).

The Board was not required to find personal dishonesty to impose the penalty it did. The statute lists willful or continuing disregard as an alternative to personal dishonesty, 12 U.S.C. § 1818(e)(1)(C), and we have recognized that. De La Fuente, 332 F.3d at 1223 (stating that an individual acts culpably when acting with *either* personal dishonesty *or* willful or continuing disregard). Haynes' conduct thus satisfies the statutory preconditions, and the Board properly imposed the prohibition order.

Finally, Haynes challenges the civil penalty imposed on him. A civil monetary penalty may be imposed against a person for "recklessly engag[ing] in an

5

unsafe or unsound practice," or breaching a fiduciary duty, when that action is "part of a pattern of misconduct" or "causes or is likely to cause more than a minimal loss" to the bank, or "results in pecuniary gain or other benefit" to the actor. 12 U.S.C. § 1818(i)(2)(B); 12 C.F.R. § 509.103. The Board's findings, supported by the record, meet these elements. Further, the ALJ recommended the amount of the penalty, after considering all mitigating factors, including the ability to pay. The Board thoroughly reviewed and adopted the ALJ's recommendation. Sufficient evidence in the record supports the Board's decision to adopt the ALJ's recommendation imposing the penalty. 12 U.S.C. § 1818(i)(2)(G); 45 Fed. Reg. 59,423 (Sept. 9, 1980).

**PETITION DENIED.**